UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINA BOMBE, dba PATIENT CENTERED BEHAVIORAL STAFFING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LAPEER COUNTY COMMUNITY MENTAL HEALTH and BROOKE SANKIEWICZ, <br><br> Defendants. | Case No. 24-cv-12793 <br> Honorable Terrence G. Berg |

| | |
|---|---|
| KEITH D. FLYNN (P74192) <br> YVONNE E. TIRAKIAN (P86598) <br> MILLER COHEN PLC <br> Attorneys for Plaintiff <br> 7700 Second Avenue, Suite 335 <br> Detroit, MI 482020 <br> (313) 964-4454 <br> kflynn@millercohen.com <br> ytirakian@millercohen.com | JAMES R. ACHO (P62175) <br> CUMMINGS, MCCLOREY, DAVIS <br>    & ACHO, PLC <br> Attorneys for Defendants <br> 17436 College Parkway <br> Livonia, MI 48152 <br> (734) 261-2400 / (734) 261-4510 fax <br> jacho@cmda-law.com |

## **STIPULATED PROTECTIVE ORDER**

At a session of said Court, held in the City of Detroit, Eastern District of Michigan, Southern Division on: _____

PRESENT: HON.   Elizabeth A. Stafford
_____
ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE

   This matter having come before the Court, upon stipulation of the parties, and the Court being otherwise fully advised in the premises;

{02425486-1 }

**IT IS HEREBY STIPULATED AND AGREED** that the Court may enter the following Stipulated Protective Order governing documents produced and deposition testimony provided in this action. Pursuant to the Court's authority under MCR 2.302(C), the parties agree as follows:

1. ***Applicability of this Protective Order.*** This Protective Order shall govern all documents and information produced by any party and/or any third-party during discovery in this action and either initially or subsequently designated as "Confidential Materials" as defined in paragraph 2 below and pursuant to the terms of this Protective Order. This Protective Order does not apply to documents and information obtained by means other than through discovery in this action, including, but not limited to, documents that are in the public domain.

2. ***Use of Confidential Materials Produced Pursuant to this Protective Order.*** Documents produced or exchanged in discovery in this case and specifically, designated as by a party or third party as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***" pursuant to the terms of this Protective Order (hereafter collectively referred to as "Confidential Materials") shall not be made available to any person or entity except as authorized under this Protective Order.

3. ***Confidential Materials Specifically Covered by this Protective Order.*** The specific documents being produced under this Protective Order consist of: 1)

five (5) unredacted consumer charts, together with all constituent pages, images, attachments, and all copies, notes, summaries, excerpts, compilations, deposition testimony, exhibits, and other materials that reproduce, reflect, or disclose their contents, previously produced in conjunction with Defendant's Third Supplemental Objections and Responses to Plaintiff's First Request for Production of Documents and identified as: (a) Attachment 3 - Chart No. 1 (BS 001935-001996); (b) Attachment 4 - Chart No. 2 (BS 001997-002092); (c) Attachment 5 - Chart No. 3 (BS 002093-002156); (d) Attachment 6 - Chart No. 4 (BS 002157-002238); and, (e) Attachment 7 - Chart No. 5 (BS 002239-002392); and, an excel spreadsheet with approximately 4,848 data entries – by or involving Plaintiff Bombe – from Defendants' electronic health record database.

4. ***"Designating Party."*** Documents specifically covered under this Protective Order, as detailed in Paragraph 3 above, shall be used solely for the purpose of litigating this case, including any appeal, and shall not be used or disclosed to any other person or entity for any other use or purpose, unless otherwise agreed to in writing by the Designating Party (hereinafter defined) or so ordered by a court. For purposes of this Protective Order, the party or third-party designating documents as Confidential Materials is defined as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use his/her/its own Confidential Materials for any

purpose.

    5. ***Confidential Materials Designation.*** A Designating Party may designate Confidential Materials as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***" including any document or information that he/she/it produces in discovery or that he/she/it files with the Court in this action containing private confidential, proprietary and/or trade secret information that is so sensitive that disclosure of such documents to employees of other parties who are not attorneys involved in the course of this litigation could negatively impact the business or competitiveness of the Designating Party. The designation of any Confidential Materials as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***" shall be made in good faith and (1) not to impose burden or delay on an opposing party, or (2) not for any tactical or other advantage in litigation. Further, each party shall avoid, as much as possible, the inclusion of Confidential Materials in briefs and other captioned documents filed in court, in order to minimize potential sealing and designating such Confidential Materials as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***."

    6. ***Marking Confidential Materials by a Producing Party.*** Confidential Materials shall be designated and marked as follows:

(a)     A document shall be designated as Confidential Materials, by stamping, writing or application of a watermark that indicates the document is protected pursuant to this Order as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order,***" on each page that contains information that the Designating Party claims to be Confidential Materials.

(b)     Information or materials produced in an electronic medium (such as CD, DVD, external hard drive, flash drive and/or thumb drive) shall be designated as Confidential Materials by marking or labeling the medium container with "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***." If any person or entity who receives designated electronic medium prints or otherwise transfers to another medium any of the information contained on the electronic medium, any resulting document or other medium shall be marked by that person or entity as Confidential Materials in accordance with subsection 5(a), above or this subsection 5(b).

(c)     A physical exhibit to be filed with the Court shall be designated as Confidential Materials in accordance with and specified in section 5(a), above.

(d)     Whenever a deposition involves a disclosure of materials or information that any party asserts should be designated as Confidential Materials, the deposition shall be so designated in accordance with this Protective Order. Such designation shall be made at the deposition and/or within 10 days after the Designating Party has received the written copy of the deposition transcript from the court reporter. During the deposition, the Designating Party shall have the right to exclude from attendance all persons other than those permitted to view the information pursuant to the terms of this Protective Order. Prior to providing any Confidential Materials to a deponent, counsel for the Designating Party shall provide that deponent with a copy of this Protective Order and the deponent shall agree, in writing, to be bound hereunder prior to such disclosure or use. In the event a deponent refuses to be bound

by this Protective Order, any Confidential Materials used as an exhibit during the deposition and the portions of the transcript containing testimony regarding the Confidential Materials shall be maintained separately by the court reporting service and may only be reviewed by that deponent at the court reporting service's office.

7. ***Designating and Marking Confidential Materials Produced by a Third Party.*** Documents produced by a third party may be designated "*Confidential*;" "*Confidential – Attorneys' Eyes Only*;" or, "*Confidential – Subject to Protective Order*," by that third party or by any party within 10 days after that party's receipt of the documents produced by the third party. The party or third party designating the information as Confidential Materials shall do so in the manner set forth in subsection 4(a). Until all parties have had possession of documents produced by a third party for a period of 10 days, all parties shall treat all documents produced by a third party as Confidential Materials. If the third party does not so designate documents as Confidential Materials at the time of production, and no party designates documents produced by a third party as Confidential Materials within 10 days after receipt of such documents, any party may treat such documents as not subject to the Protective Order, subject to paragraph 6(d) of this Protective Order.

8. ***Inadvertent Failure to Designate or Mis-Designation.*** A party or third party that mis-designates or inadvertently fails to designate a document as

Confidential Materials shall have 20 days after learning of the inadvertent failure or mistake to correct his/her/its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each document, appropriately marked as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***," in accordance with Section 5(a) and 6 above. Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, documents and all copies thereof.

9. ***Disclosure of Confidential Materials Marked as "Confidential."*** Materials marked as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***," shall not be disclosed by any person who has received such Confidential Materials through discovery in this action to any other person except to:

(a) Attorneys for the parties and in-house counsel and their respective associates, paralegals, clerks, secretaries, and employees involved in the conduct of this litigation.
(b) The parties and their respective past and present officers, directors, and employees as counsel deems necessary for the conduct of the litigation.
(c) Court reporters, videographers, and similar personnel involved in the recording of deposition or trial testimony, provided further that Confidential Materials filed with the Court shall be requested to be sealed subject to release only by order of the Court or agreement of counsel.
(d) Any facilitators mutually agreed upon by the parties or

    designated by the Court.

(e) Witnesses in depositions who may be asked to testify concerning any of the documents containing Confidential Materials, provided that any such questioning in deposition must be conducted during a confidential portion of the deposition, which will be bound separately.

(f) Outside experts and consultants retained by a party for the purpose of offering an opinion or assisting as a retained consultant in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel.

(g) Any person who was involved in the preparation of the Confidential Materials or who lawfully received or reviewed the Confidential Materials prior to the commencement of this action or to whom the Confidential Materials had previously been made readily available.

(h) Any other person with the prior written consent of the Designating Party or pursuant to an order of the Court.

10. ***Affidavit Requirement re Disclosure of Confidential Materials.***

Prior to providing any Confidential Materials to any person identified in subsections e. through h. in Section 9 above, counsel of record shall provide such person with a copy of this Protective Order and such person must agree, in writing, to be bound hereunder prior to such disclosure or use by executing the Affidavit attached hereto as Exhibit 1. Counsel of record for the party that provides any Confidential Materials to any person identified in subsections e. through h. of Section 9 above shall retain custody of the original executed Affidavit signed by such person and shall provide a copy of the executed Affidavit to counsel of record

{02425486-1 } 8

for the opposing party within seven (7) days after receipt of the executed Affidavit.

11. ***Use of Confidential Materials by Designating Party.*** Nothing in this Protective Order limits a party's or third party's ability to show documents which that party has designated as Confidential Materials to whomever the Designating Party may deem appropriate subject to the terms of the designation.

12. ***Protecting Confidential Materials.*** Each person who receives any Confidential Materials shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such documents, to avoid any accidental or inadvertent disclosure to persons to whom disclosure is not permitted under this Protective Order.

13. ***Challenging Designation of Confidential Materials.*** Any party may file a motion for an order that a) certain Confidential Materials designated as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***." is not, in fact, confidential, proprietary or trade secret information, and/or b) certain documents designated as Confidential Materials does not, in fact, contain information that is so sensitive that disclosure of such information to employees of other parties who are not attorneys involved in the conduct of this litigation could negatively impact the business or competitiveness of the Designating Party. On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Materials in

question are protectable and properly designated as "*Confidential;*" "*Confidential – Attorneys' Eyes Only;*" or, "*Confidential – Subject to Protective Order.*" Nothing in this Protective Order shall prevent a party from filing a Motion for Modification of the Protective Order. A party may challenge the other party's designation of documents produced herein as "*Confidential;*" "*Confidential – Attorneys' Eyes Only;*" or, "*Confidential – Subject to Protective Order,*" by serving a written objection upon the Designating Party. The Designating Party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall conduct a good faith meet and confer as to the validity of the designation within 10 days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate motion. Until such time as the court renders a decision on such dispute, the disputed documents shall be treated as Confidential Materials.

14. ~~***Submitting Confidential Materials to the Court or Discovery Referee.*** All Confidential Materials or pleadings revealing the contents of Confidential Materials provided to the Court or filed with the Clerk of the Court in this action shall be filed under seal in accordance with the applicable provisions of the Eastern District of Michigan – Southern Division Rules including, without~~

{02425486-1 } 10

limitation, ~~LR 5.3: Civil Material Filed Under Seal.~~ **[The Court strikes this paragraph because the wording that Confidential Material "shall be filed under seal" conflicts with E.D. Mich. LR 5.3 and case law indicating that documents marked as confidential for discovery purposes may be ineligible for sealing because of the strong presumption of openness for court records. A party relying on confidential documents must follow the procedure set forth in ¶ 18]**.

15. *Preservation of Designation of Confidential Materials at Hearing or Trial* At any hearing or trial relating to this matter, subject to the rules of evidence and any Order of this Court, any party moving for the admission of Confidential Materials shall take all reasonable steps to maintain the confidential designation in accordance with the applicable provisions of LR 5.3: Civil Material Filed Under Seal, at the time of admission. The parties may request that attendance at those portions of the trial or any hearing held regarding the admissibility of said Confidential Materials be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

16. *Improper Disclosure of Confidential Materials.* In the event of any accidental or inadvertent disclosure of Confidential Materials other than in a manner authorized by this Protective Order, counsel shall immediately notify counsel for the Designating Party and shall make all reasonable efforts to recover

all such Confidential Materials. Compliance with the foregoing shall not prevent the Designating Party from seeking further relief from the court.

17. ***Information Protected by Privilege, Work Product, or Other Doctrine.*** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information without involving the Court unnecessarily in the process. Nothing in this Protective Order, or the producing of any documents under the terms of this Protective Order, or any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver of any privilege or work product or similar protection by any party, or altering the confidentiality or non-confidentiality of any such documents, or altering any existing obligation of any party or the absence thereof.

18. ***Sealing Confidential Materials Designated as "Confidential;" "Confidential – Attorneys' Eyes Only;" or, "Confidential – Subject to Protective Order."*** If any motions or other papers to be filed with the Court incorporate materials designated as "*Confidential*;" "*Confidential – Attorneys' Eyes Only*;" or, "*Confidential – Subject to Protective Order*," the party filing the papers <u>must</u> move to seal the designated materials under E.D. Mich. LR 5.3. The movant must comply with Rule 5.3(b)(3)(v) and (vi) for filing redacted and unredacted versions of the designated materials. If the movant is the party who has designated the documents as "*Confidential*;" "*Confidential – Attorneys' Eyes Only*;" or,

"***Confidential – Subject to Protective Order***," the movant's brief must either (1) show that the designated material may be sealed by statute or rule under Rule 5.3(a), or (2) provide, "for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." Rule 5.3(b)(3)(iv). If the movant is not the party who designated the materials as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***," the party who made those designations must timely file a response brief making those showings, and the movant may object to the filing of the documents under seal in its timely filed reply brief. The deadlines for the response brief and reply brief are as set forth in E.D. Mich. LR 7.1(e).

19. ***No Waiver.*** Nothing in this Protective Order shall affect or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court pertaining to Confidential Materials. Any objections as to the admissibility or authenticity of evidence containing Confidential Materials are reserved and are not waived by any terms of this Protective Order.

20. ***Return of Confidential Materials.*** Upon termination of this case and the expiration of any rights of appeal, and upon request by the Designating Party, counsel for the other parties shall, within thirty (30) days, assemble and return to

the Designating Party all originals of materials designated as "***Confidential***;" "***Confidential – Attorneys' Eyes Only***;" or, "***Confidential – Subject to Protective Order***," by the Designating Party, and destroy all copies of the same, electronic or otherwise, and will certify in writing that all such Confidential Materials and copies have been returned or destroyed.

21. ***Violations of Protective Order.*** Any person violating this Protective Order may be subject to appropriate sanctions imposed by the Court. Should any party violate the terms of this Protective Order, and should legal action be necessary as a result, the prevailing party may recover reasonable costs and attorney's fees.

22. ***Effective After Termination of Lawsuit.*** The terms of this Protective Order shall survive, and remain in full force and effect, after termination of this lawsuit, until the entry of final judgment (including any and all appellate proceedings) in this case, whether by settlement or litigation, unless otherwise ordered by the Court.

s/Elizabeth A. Stafford
HONORABLE ELIZABETH A. STAFFORD
UNITED STATES MAGISTRATE JUDGE

***Approved as to Form;***
***Notice of Entry Waived***:


Date:  10/22/2025            /s/ Yvonne E. Tirakian

                                              KEITH D. FLYNN (P74192)
                                              YVONNE E. TIRAKIAN (P86598)
                                              Attorneys for Plaintiff

Date: 10/22/2025                  /s/ James R. Acho
                                              JAMES R. ACHO (P62175)
                                              Attorneys for Defendants

# EXHIBIT 1 TO STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINA BOMBE, dba PATIENT CENTERED BEHAVIORAL STAFFING, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>LAPEER COUNTY COMMUNITY MENTAL HEALTH and BROOKE SANKIEWICZ,<br><br>  Defendants. | Case No. 24-cv-12793<br>Honorable Terrence G. Berg |

| | |
|---|---|
| KEITH D. FLYNN (P74192)<br>YVONNE E. TIRAKIAN (P86598)<br>MILLER COHEN PLC<br>Attorneys for Plaintiff<br>7700 Second Avenue, Suite 335<br>Detroit, MI 482020<br>(313) 964-4454<br>kflynn@millercohen.com<br>ytirakian@millercohen.com | JAMES R. ACHO (P62175)<br>CUMMINGS, MCCLOREY, DAVIS<br> & ACHO, PLC<br>Attorneys for Defendants<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400 / (734) 261-4510 fax<br>jacho@cmda-law.com |

## AFFIDAVIT OF _____

STATE OF MICHIGAN )
        )
COUNTY OF_____)

  I, _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes, and says that the within statements are true and correct:

  1. I have read the Stipulated Protective Order attached hereto and I

understand its terms and meanings.

2.  I agree that my signature below submits me to the jurisdiction of the United States District Court, Eastern District of Michigan, Southern Division in which the action of *Tina Bombe dba Patient Centered Behavioral Staffing, LLC v. Lapeer County Community Mental Health and Brooke Sankiewicz,* Case No. 24-cv-12793 is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Signature: _____
Print Name: _____

Subscribed and sworn to before me
this _____ day of _____, 20\_\_\_\_

_____
Notary Public
_____ County, MI
My Commission Expires: _____